IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Edward Blackmon, | ) |
| | ) Cr. No. 0:03-1004 |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| United States of America, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

      Movant James Edward Blackmon is an inmate in custody of the Federal Bureau of Prisons (BOP). He currently is housed at FCI-Bennettsville in Bennettsville, South Carolina. This matter is before the court on Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, which motion was filed on December 16, 2014. Respondent United States of America filed a motion to dismiss on December 19, 2014, asserting that Movant's § 2255 motion is barred by the applicable one-year limitations period set forth in 28 U.S.C. § 2255(f)(1). Also on December 19, 2014, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court issued an order notifying Movant of the dismissal procedures and the possible consequences if he failed to respond adequately. Despite being granted an extension of time to respond, Movant filed no memorandum in opposition to Respondent's motion to dismiss.

      Under § 2255(f)(1), the one-year limitations period runs from the date on which the judgment of conviction was final. In this case, Movant was sentenced to the custody of the BOP for life. Judgment was entered February 22, 2008. Movant timely filed a notice of appeal of February 22, 2008. The Court of Appeals for the Fourth Circuit affirmed Movant's conviction by opinion dated September 19, 2008. See United States v. Blackmon, 294 F. App'x 67 (4th Cir. 2008). The one-year limitation period commenced after the time expired for filing a petition for certiorari contesting the

Fourth Circuit's decision, which was December 18, 2008, ninety days from September 19, 2008. See Clay v. United States, 537 U.S. 522 (2003). Thus, the limitations period expired on December 18, 2009. Movant did not file the within § 2255 motion until December 16, 2014, nearly five years after end of the limitations period. Movant's § 2255 motion is time-barred.

For the reasons stated, Respondent's motion to dismiss (ECF No. 101) is **granted**. Movant's § 2255 motion is **denied**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 31, 2016

## NOTICE OF RIGHT TO APPEAL

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**